**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CORY EAVES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 2:23-CV-131-JRG-RSP** |
| **FCA US LLC f/k/a CHRYSLER** | § | |
| **GROUP LLC;** | § | |
| | § | |
| *Defendant.* | § | |

---

## AGREED FINAL JUDGMENT

---

On the 19th day of December 2024, came to be heard the above-styled and numbered cause, filed by Cory Eaves, Individually, and as Next Friend of A.E., a minor child, ("Minor Plaintiff"), who appeared by and through his attorney of record. Minor Plaintiff appeared by and through Cory Eaves, Next Friend of Minor Plaintiff. Defendant FCA US LLC ("FCA US") appeared by and through its attorney of record. Also appeared Kurt Truelove, appointed by this Court as Guardian Ad Litem for the Minor Plaintiff, A.E. The above parties, having waived a jury, announced to the Court that an agreement for settlement of all matters in controversy between Plaintiffs and FCA US has been reached, subject to the approval of the Court. Copies of the Confidential Settlement Agreement and Release between Plaintiffs and FCA US are tendered to the Court for an in-camera review but not filed;

Having reviewed the pleadings, it appears to the Court that Plaintiffs and FCA US desire to compromise and settle their dispute;

It further appears to the Court that the total settlement is in consideration of all Plaintiffs' alleged damages with respect to the claims of Plaintiffs against FCA US, both

past and future, and the payment is in recognition of the fact that these alleged damages have, in fact, partially accrued in the past and may continue to accrue in the future;

It further appears to the Court that an agreement for settlement has been reached by Plaintiffs and FCA US subject to the approval of the Court. The terms of their agreements are contained in the Confidential Settlement Agreement and Release and provide for, among other things, payment to Minor Plaintiff A.E. by and through her Next Friend Cory Eaves on behalf of FCA US, sums specified in the Confidential Settlement Agreement and Release in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiffs as a result of a motor vehicle accident that occurred on or about August 27, 2021 on Highway 8 just north of Douglassville, Texas in Cass County, Texas involving a 2012 Ram 3500, VIN:3C63DRJLXCG146184 (the "VEHICLE") involving Plaintiff Cory Eaves and non-party Dalton Washington (the "ACCIDENT"), including, without limitation, those for personal injury, death, loss of income, loss of earning capacity, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, or any other damages or expenses which allegedly resulted or may allegedly result from the ACCIDENT, the VEHICLE, and its component parts, the injuries or damages sustained by Plaintiffs;

It further appears to the Court that under the terms of the Confidential Settlement Agreement and Release, Plaintiffs are responsible for any and all potential or future tax liabilities and that Plaintiffs, Plaintiffs' attorneys, and the Guardian Ad Litem acknowledge and agree that FCA US and the other released individuals and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, which may in any way be related to the ACCIDENT, the VEHICLE, and its component parts, the

injuries or damages sustained by Plaintiffs, and/or the Confidential Settlement Agreement and Release;

It further appears to the Court that the terms of the said Confidential Settlement Agreement and Release provide that the settlement, subject to the approval of the Court, are to be considered a full and final settlement of, and a complete release, discharge, and bar to, all claims, demands, controversies, actions, or causes of action by or on behalf of Plaintiffs, and their heirs, executors, administrators, agents, successors, representatives, assigns, and anyone claiming by or through them against FCA US and any and all of its past, present, and future parent corporations/companies, subsidiary corporations/companies, affiliate corporations/companies, division corporations/companies, shareholders, stockholders, officers, directors, employees, agents, servants, attorneys, insurers, experts, consultants, investigators, representatives, distributors, assemblers, partners, component part designers, manufacturers, service facilities, dealerships, repair shops, or suppliers.

It further appears to the Court that this release is intended to cover the largest and broadest group of individuals and entities to bring all litigation against FCA US to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, for any and all actual damages, including but not limited to, damages for personal injury, death, loss of income, loss of earning capacity, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, property damage or any other damages or expenses, known or unknown, which allegedly resulted or may result from the ACCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs;

It further appears to the Court that Plaintiffs, including the Minor Plaintiff by and through the Guardian Ad Litem, understand and agree that the Confidential Settlement

Agreement and Release may be pled as an absolute and final bar to any and all suits, claims, actions, or causes of action against FCA US released by the Confidential Settlement Agreement and Release; and that all releases that pertain to the liability of the aforementioned parties, persons, and/or entities shall become final, irrevocable, and absolute upon the signing of the Confidential Settlement Agreement and Release;

It further appears to the Court that Plaintiff Cory Eaves and non-party Ashley Nichole Sibert ("Minor Plaintiff's mother" or "Sibert") are authorized to settle and compromise all claims on behalf of the Minor Plaintiff A.E.

It further appears to the Court that Kurt Truelove, Guardian Ad Litem, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by the Minor Plaintiff and the terms of the proposed settlement, did, together with Cory Eaves, Next Friend of A.E., and Minor Plaintiff's mother as the settlement agreement signatory, and announce in open court that in his opinion the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.E. and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.E.;

It further appears to the Court that Kurt Truelove, Guardian Ad Litem, has acted in the best interest of Minor Plaintiff;

The Court, having read the pleadings in this case and having heard testimony, finds that there is a question as to liability in this case and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, if any, and the Court further finds from the evidence that such Confidential Settlement Agreement and Release is a compromise and not an admission of liability on the part of FCA US herein, and further, the Court is of the opinion that the Confidential Settlement Agreement and Release is JUST, FAIR, AND EQUITABLE and should be approved, and said Confidential Settlement Agreement and Release is hereby APPROVED;

IT IS ORDERED, ADJUDGED AND DECREED that the settlements are to be considered full and final settlements of, and complete releases, discharges, and bars to, all claims, demands, controversies, actions, or causes of action by or on behalf of the Plaintiffs, their heirs, executors, administrators, agents, successors, representatives, assigns, and anyone claiming by or through them against FCA US and all of its past, present, and future parent corporations/companies, subsidiary corporations/companies, affiliate corporations/ companies, division corporations/companies, shareholders, stockholders, officers, directors, employees, agents, servants, attorneys, insurers, experts, consultants, investigators, representatives, distributors, assemblers, partners, component part designers, manufacturers, or suppliers; as well as any individual or entity involved in the chain of sale and distribution of the VEHICLE, authorized service facilities, and dealerships associated with and/or having any contractual relationship with FCA US, and/or any other service facility or dealership involved in any way with the VEHICLE, or any of its components regardless of whether those individuals and entities are specifically identified in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, and that these releases are intended to cover the largest and broadest group of individuals and entities to bring all litigation to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, for any and all actual damages, including but not limited to, damages for personal injury, death, loss of income, loss of earning capacity, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, property damage or any other damages or expenses, known or unknown, which allegedly resulted or may result from the ACCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that after considering the parties' Agreed Final Judgment, and after hearing, the Court GRANTS this Agreed Final Judgment, which summarizes the settlement terms as more fully set forth in the Confidential Settlement Agreement and Release;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Defendant FCA US shall make payment in accordance with the terms and conditions of the Confidential Settlement Agreement and Release, a copy of which is tendered to the Court for an in-camera review;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Court costs, expenses, and attorneys' fees relating to this settlement and litigation shall be paid by the party incurring same;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as provided in the Confidential Settlement Agreement and Release and herein, all hospital, doctor, psychiatric, funeral, burial, and/or medical expenses, and any hospital liens and/or Medicaid/Medicare liens and/or subrogation interests incurred by or on behalf of Plaintiffs, including the Minor Plaintiff A.E., to date and in the future, based in any way on the ACCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs, have been or will be paid by Plaintiffs out of the proceeds of the settlement and are the sole responsibility of Plaintiffs;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all attorneys' fees, litigation expenses, or other such costs incurred by Plaintiffs, including the Minor Plaintiff A.E., shall be made from the settlement proceeds as set forth in the Confidential Settlement Agreement and Release and that FCA US and the other released individuals and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Plaintiffs, including the Minor Plaintiff A.E., are responsible for any and all potential or future tax liabilities, if

any, and FCA US and the other released individuals and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including the Minor Plaintiff A.E., which may in any way be related to the ACCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kurt Truelove, Guardian Ad Litem, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by Minor Plaintiff and the terms of the proposed settlement, did, together with Cory Eaves and Minor Plaintiff's mother, Sibert, announce in open court that it was in his opinion that the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff, and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interests of Minor Plaintiff, and that the distributions for attorneys' fees as set forth on the Settlement Statement which was signed by Ashley Nichole Sibert on behalf of Minor Plaintiff, A.E., and reviewed by the Court in-camera are JUST, FAIR REASONABLE, and ACCEPTABLE and in the best interests of Minor Plaintiff, and it is hereby approved;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kurt Truelove, Guardian Ad Litem, has acted in the best interest of the Minor Plaintiff, and the actions of the Guardian Ad Litem are hereby ratified and approved;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of the Guardian Ad Litem in the amount of $4,500.00 be and hereby is taxed against FCA US, and it is ORDERED that such amount be paid to the Guardian Ad Litem within thirty (30) days;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court finds that the settlement is JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.E., and that the apportionment and distribution of the

settlement proceeds are JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.E.;

IT IS ORDERED, ADJUDGED, AND DECREED that Minor Plaintiff A.E's settlement payment will be made payable via check to "Pacific Life & Annuity Services, Inc." and delivered to the applicable licensed structured settlement broker, Chris Harlan, on or before January 31, 2025, or within 30-days of the Court approving the Minor Plaintiff's settlement, whichever is later, in order to fund the purchase of an Internal Revenue Code Section 130(c) qualified structured settlement annuity from Pacific Life Insurance Company. Annuity issuer shall then make the future periodic payments to Minor Plaintiff A.E.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon approval of the judgment by the Court, Plaintiff Cory Eaves and Minor Plaintiff A.E.'s claims and causes of action against FCA US in the above-titled and numbered cause are hereby dismissed with prejudice to the refiling of same in any form whatsoever.